UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT F. KENNEDY, JR.,

    Plaintiff,                          Case No. 24-12375

v.                                        Hon. Denise Page Hood

JOCELYN BENSON, in her official
capacity as Michigan Secretary of State,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER and
NOTICE OF SETTING HEARING DATE and BRIEFING SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION**

**I.     INTRODUCTION**

Before the Court is Plaintiff Robert F. Kennedy, Jr.'s Motion for Temporary Restraining Order and Preliminary Injunction. [ECF No. 2]. Plaintiff moves this Court pursuant to Federal Rule of Civil Procedure 65(b) for an *ex parte* temporary restraining order and preliminary injunction barring Defendant Jocelyn Benson from "improperly and illegally plac[ing] Mr. Kennedy's name on the 2024 general presidential election ballot despite the fact that he has withdrawn from the 2024 presidential race and has specifically requested his name be removed from the ballot." *Id*. at PageID.59. For the reasons stated herein, Plaintiff's motion is denied as moot.

## II.  BACKGROUND

Plaintiff was nominated by the Natural Law Party as its 2024 candidate for the office of the President of the United States. [ECF No. 1, PageID.2]. On August 23, 2024, Plaintiff suspended his campaign and sent a withdrawal notice and formal request to withdraw from the 2024 general election in Michigan. [ECF No. 2, PageID.64]. On August 26, 2024, Defendant rejected Plaintiff's withdrawal notice, citing MCL. §168.686a(2). *Id.*, see also ECF No. 1-3. On August 27, 2024, Plaintiff renewed his request to withdraw. *Id*. at PageID.65. Plaintiff's withdrawal was, again, rejected citing M.C.L. § 168.686a(4). *Id*.

On August 30, 2024, Plaintiff filed a complaint in the Michigan Court of Claims seeking mandamus relief, injunctive relief, and declaratory relief. [ECF No. 1-4, PageID.31]. The Court of Claims denied Plaintiff's requested relief and dismissed the action, reasoning that Mich. Comp. Laws 168.686a(4) applies and on balance, Plaintiff's interest in withdrawing from the race for President of the United States is outweighed by the Natural Law Party's interest in having a candidate at the top of its ticket. *Id*. at PageID.33-34.

Plaintiff appealed the Court of Claims decision and on September 6, 2024, the Michigan Court of Appeals issued its decision reversing the Court of Claims' decision and remanding the case for entry of an order granting immediate mandamus

2

relief. [ECF No. 2, PageID.66]. That same day, Defendant sent the call of the election and certification of candidates to all 83 county clerks without Plaintiff's name listed as the Natural Law Party's candidate for President but did not order that ballot printing be held. *Id*. at PageID.66-67.

Defendant appealed to the Michigan Supreme Court, which reversed the Court of Appeals' decision and held Plaintiff failed to show an entitlement to mandamus relief. Specifically, the Supreme Court found that "plaintiff has neither pointed to any source of law that prescribes and defines a duty to withdraw a candidate's name from the ballot nor demonstrated his clear right to performance of this specific duty, let alone identified a source of law written with such precision and certainty as to leave nothing to the exercise of discretion or judgment." [ECF No. 1-6, PageID.38] citing *Taxpayers for Mich Constitutional Gov't v. Michigan*, 508 Mich 48, 82 (2021) (internal quotation marks omitted). The Supreme Court vacated the Court of Claims' opinion "except for that part of the Court of Claims order denying the motion for immediate mandamus relief and temporary restraining order/injunction and dismissing the complaint with prejudice, which we REINSTATE." *Id*. at PageID.37.

Plaintiff now seeks injunctive relief in the form of a temporary restraining order and preliminary injunction enjoining Defendant from including Plaintiff's name on the 2024 general election ballot.

### III. ANALYSIS

**Rule 65(b) Temporary Restraining Order.**

**(1)** *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts shown by affidavit or by a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies to the court in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice.[1] *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure §

---

[1] A certificate of service has been filed on the Court's docket and counsel for Defendant have filed appearances. See [ECF Nos. 4, 5, 6, and 7].

2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest should also be considered. *See Dow Corning Corp. v. Chaganti*, No. 15-CV-13781, 2015 WL 6735335, at *5 (E.D. Mich. Nov. 4, 2015).

"The Supreme Court has stated that the Rule 65(b) restrictions 'on the availability of Ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439, (1974)). An ex parte temporary restraining order is "only appropriate where the applicant would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erad v. Johnson*, 905 F.Supp.2d 782, 791 (E.D. Mich. 2012).

Plaintiff argues that he, and the public at large, "will sustain immediate and irreparable injury, loss, and damages before a hearing on the merits can take place because, if Secretary Benson is permitted to bring ballots with Mr. Kennedy's name, the relief requested will no longer be possible." [ECF No. 2, PageID.59]. Defendant filed a response to Plaintiff's motion for injunctive relief just two days after Plaintiff filed his motion and Verified Complaint. *See* ECF No. 8. Defendant's response

reveals that "[t]he county boards of election commissioners must deliver absent voter ballots to the county clerks at least 47 days before the general election," September 19, 2024. [ECF No. 8, PageID.107] *citing* Mich. Comp. Laws § 168.690.

General election ballots are required to be distributed six days after the date of this order. Therefore, Plaintiff has not carried its burden that immediate and irreparable harm will ensue before a hearing on the merits of this matter. A temporary restraining order is inappropriate at this time.

## IV. CONCLUSION/ORDER

In light of the foregoing,

IT IS SO ORDERED that Plaintiff's Motion for Temporary Restraining Order is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall submit a reply to Defendant's response no later than 12:00 pm on Monday, September 16, 2024.

IT IS FURTHER ORDERED that a hearing will be held as to Plaintiff's Motion for Preliminary Injunction on Tuesday, September 17, 2024.

SO ORDERED.

/s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 12, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on September 12, 2024, by electronic and/or ordinary mail.